IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**WP COMPANY LLC**
**d/b/a THE WASHINGTON POST**,

   1301 K Street NW
   Washington, DC 20071

       Plaintiff,

v.

**CENTRAL INTELLIGENCE AGENCY**,

   1000 Colonial Farm Road
   McLean, VA 22101

       Defendant.

Case No. 1:22-cv-01138

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff WP Company LLC d/b/a *The Washington Post* ("the *Post*") brings this suit against Defendant the Central Intelligence Agency ("CIA"). In support thereof, the *Post* states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through FOIA, the *Post* seeks the production of 56 documents known as "CIA Histories" that the Senate Select Committee to Study Governmental Operations with Respect to Intelligence Activities – commonly known as the Church Committee – requested from the CIA or that CIA staff described as "within the . . . area of interest" of the Committee in 1975.

3. These "CIA Histories" cover topics of significant and continuing public interest. Their titles include "Intelligence Support for President-Elect Richard N. [sic] Nixon," "Funding Covert Operations, 1960-1964," and "Record of Paramilitary Action Against the Castro Government of Cuba, 17 March 1960 – May 1961."

4. Releasing these "CIA Histories" will greatly inform the public about "what their government [was] up to," *Department of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 773 (1989), during one of the most contentious periods of American history.

5. The CIA has improperly withheld all of the records responsive to the *Post*'s request.

## PARTIES

6. Plaintiff, the *Post*, is a news organization based in Washington, D.C. It publishes the leading daily newspaper, by print circulation, in the nation's capital, as well as the website washingtonpost.com, which typically reaches an audience of more than 70 million unique visitors per month, according to independent auditor comScore. The *Post* also offers an array of mobile, tablet, and digital publishing products, and licenses its proprietary digital experience platform, Arc XP, to more than 1,900 other websites. But outstanding journalism remains the core of the *Post*'s work – and has been recognized with 69 Pulitzer Prizes since 1936.

7. Defendant, the CIA, is an agency within the meaning of 5 U.S.C. § 552(f)(1). The CIA has possession and control of records requested by the *Post*.

## JURISDICTION AND VENUE

8. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

**The Church Committee**

10. "On January 21, 1975, Senator John Pastore introduced a resolution to establish a select committee to investigate federal intelligence operations and determine 'the extent, if any,

2

to which illegal, improper, or unethical activities were engaged in by any agency of the Federal Government.'" *See The Church Committee*, U.S. Senate: Powers & Procedures: Investigations, https://www.senate.gov/about/powers-procedures/investigations/church-committee.htm.

11.　When that resolution passed the following week, the Senate created a Select Committee to Study Governmental Operations with Respect to Intelligence Activities, and Senator Frank Church was selected to serve as its chair. *See id*.

12.　The "Church Committee," as it thus became known, was empowered "to have direct access . . . to any data, evidence, information, report, analysis, or document or papers, relating to any of the matters or questions which it is authorized and directed to investigate and study in the custody or under the control of any department, agency, officer, or employee of the executive branch of the United States Government." *See* S. Res. 21, 94th Cong. (1975).

13.　The Church Committee ultimately "investigated and identified a wide range of intelligence abuses by federal agencies, including the CIA, FBI, Internal Revenue Service, and National Security Agency." *See The Church Committee*, U.S. Senate: Powers & Procedures: Investigations.

14.　The Church Committee's efforts included "holding 126 full committee meetings, 40 subcommittee hearings, interviewing some 800 witnesses in public and closed sessions, and combing through 110,000 documents." *See id*.

**The CIA Histories Memo**

15.　In March 1975, three months after the Church Committee formed, CIA staff wrote a memorandum titled "CIA 'Histories': Breakdown Of Certain Items Requested And Items

Not Requested" (the "CIA Histories Memo"). A true and correct copy of the CIA Histories Memo is attached hereto as Exhibit A.[1]

16. According to its introductory note, the CIA Histories Memo "focuses . . . on activities or operations – particularly specific covert or clandestine operations – and similar matters which are within the Senate Select Committee's stated area of interest and generally attributed to one particular Presidential Administration." *See* Ex. A at 2.

17. The body of the CIA Histories Memo is then divided into three sections:

   a. The first section is titled "Items of significance relating to the period of the Eisenhower and Nixon Administrations." It is further divided into two sub-sections, "Histories requested" and "Histories not requested." *See id.* at 2-3.

   b. The second section is titled "Items of Significance Relating to the period of the Kennedy and Johnson Administrations." It is likewise divided into two sub-sections, "Histories requested" and "Histories not requested." *See id.* at 3-6.

   c. The third section is titled "Miscellaneous 'histories' which were not requested but which – considering the Senate Select Committee's Charter and stated areas of interest – are in the nature of 'glaring omissions.'" *See id.* at 7-8.

18. The CIA Histories Memo lists the titles of 56 sets of records in total, a dozen of which titles are redacted in part. *See generally id.*

19. The CIA publicly released the CIA Histories Memo in April 2018 pursuant to the President John F. Kennedy Assassination Records Collection Act of 1992, P.L. 102-526. *See*

---

[1] The CIA Histories Memo is also available online at https://www.archives.gov/files/research/jfk/releases/2018/178-10003-10311.pdf.

*JFK Assassination Records - 2018 Additional Documents Release*, Nat'l Archives, https://www.archives.gov/research/jfk/release (record no. 178-10003-10311).

20. Several of the histories listed in the CIA Histories Memo have already been made public in whole or in part. *See, e.g.*, Emma North-Best, *Declassifying CIA's Internal Histories*, MuckRock, https://www.muckrock.com/project/declassifying-cias-internal-histories-240/.

**The *Post*'s FOIA Request**

21. On January 26, 2022, the *Post* submitted a FOIA request to the CIA seeking the following three categories of records:

> A. The CIA histories specifically requested by the Church Committee including but not limited to the 13 histories identified as items (I)(A)(1)-(6) and (II)(A)(1)-(7) in the attached document that was released in response to the President John F. Kennedy Assassination Records Collection Act of 1992.[2]
>
> B. The CIA histories relevant to the Church Committee's "[c]harter and stated areas of interest" including but not limited to the 14 histories identified as "glaring omissions" – i.e., items (III)(1)-(14) – in the attached document that was released in response to the President John F. Kennedy Assassination Records Collection Act of 1992.
>
> C. The 29 additional CIA histories identified as items (I)(B)(1)-(4) and (II)(B)(1)-(25) in the attached document that was released in response to the President John F. Kennedy Assassination Records Collection Act of 1992.

A true and correct copy of the *Post*'s request is attached hereto as Exhibit B.

22. On February 7, 2022, the CIA acknowledged receipt of the *Post*'s request and assigned it reference number F-2022-00700. A true and correct copy of the CIA's acknowledgment letter is attached hereto as Exhibit C.

23. To date, the CIA has not produced any records responsive to the *Post*'s request.

---

[2] The *Post* attached a copy of the CIA Histories Memo, Ex. A, to its FOIA request.

24. To date, the CIA has not informed the *Post* as to the scope of the records, if any, that the agency will produce in response to the request.

25. To date, the CIA has not cited any allegedly applicable FOIA exemption(s) or otherwise identified any basis for withholding, in whole or part, any of the requested records.

## CLAIM FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief:
### Constructive Denial in Violation of FOIA, 5 U.S.C. § 552

26. The *Post* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

27. FOIA provides this Court with "jurisdiction to enjoin [the CIA] from withholding agency records and to order the production of any agency records improperly withheld from [the *Post*]." 5 U.S.C. § 552(a)(4)(B).

28. The records the *Post* seeks are agency records within the CIA's control.

29. FOIA requires that within 20 working days of receiving a FOIA request, an agency must notify a requester of, *inter alia*, the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemptions. *See* 5 U.S.C. § 552(a)(6)(A)(i).

30. The CIA received the *Post*'s FOIA request on January 27, 2022. Ex. C.

31. Pursuant to FOIA, the CIA was required to respond to the *Post*'s request by February 25, 2022. 5 U.S.C. § 552(a)(6)(A)(i).

32. To date, however, the CIA has not made and communicated to the *Post* a "determination" on its request within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

33. There is no basis under FOIA to withhold, in whole or in part, the records requested by the *Post*. The CIA has wrongfully withheld agency records in violation of FOIA.

34. The *Post* requests a declaratory judgment that the CIA has violated FOIA and that the *Post* is entitled to immediately receive the requested records.

35. The *Post* further requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court issue an injunction directing the CIA to produce the requested agency records in full and setting a deadline for compliance.

**REQUEST FOR RELIEF**

WHEREFORE, the *Post* respectfully requests that this Court:

A. Declare the CIA's failure to provide responsive records unlawful under FOIA;

B. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing the CIA to make the requested records available to the *Post*, unredacted, and without further delay, and setting a deadline for compliance;

C. Provide for expeditious proceedings in this action;

D. Award the *Post* its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other and further relief as the Court may deem just and proper.

Dated: April 26, 2022

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiff WP Company LLC
d/b/a The Washington Post*